UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOAQUIN TORRES #506494,

      Petitioner,

         v.

SUSAN DAVIS, Warden,

      Respondent.

| Case No. 1:09-cv-38

| HONORABLE PAUL L. MALONEY

| Magistrate Judge Scoville

---

**OPINION and ORDER**

**Overruling the Petitioner's Objections and Adopting the R&R;**
**Dismissing the Habeas Petition as Time-Barred;**
**Denying a Certificate of Appealability;**
**Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on Monday, February 9, 2009. The court received plaintiff's objections on March 5, 2009 and the court treats them as timely.[1][2] The court also finds that

---

[1]

    After being served with the R&R, Torres had ten days to file objections. *Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)). Because Torres is *pro se*, not an attorney, and incarcerated, the court sent the R&R to him by paper mail, rather than electronically serving him through the court's Electronic Case Filing ("ECF") system. Due to the vagaries of the prison mail system, the court assumes that Torres did not receive the R&R until Friday, February 20, 2009.

plaintiff's objection is sufficiently specific to trigger *de novo* review of the R&R.[3]

The court finds the R&R to be well-reasoned and is unconvinced by the plaintiff's objection. Preliminarily, the Magistrate is correct that the court has authority to *sua sponte* evaluate whether a habeas petition is timely and dismiss if it is untimely. *Rea v. Curtin*, 2009 WL 528953, *3 (W.D.

---

The ten-day objection period did not start until the business day after Torres received the R&R – Monday, February 23 – and weekends and federal holidays are excluded. *Heggie*, 2009 WL 36612 at *1 (citing FED. R. CIV. P. 6(a)(1) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when calculating a time period shorter than eleven days, the court must exclude weekends and holidays)).

Days one through five ran from Monday, February 23 through Friday, February 27. The court then excludes Saturday, February 28 and Sunday, March 1. Days six through ten ran from Monday, March 2 through Friday, March 6. The court received Torres' objections on Thursday, March 5, which is timely, as he was required only to tender the objections to the prison mail authorities for mailing by the deadline.

[2]

The defendants have fourteen days from service of the objections to file a response. *Horacek v. Caruso*, 2008 WL 4820483, *1 n.1 (W.D. Mich. Oct. 30, 2008) (Maloney, C.J.) (citing W.D. MICH. LCIVR 72.3(b)). The fourteen days began on the day after they were served with the objections, and the court included both weekends and holidays. *Horacek*, 2008 WL 4820483 at *1 n.1 (citing FED. R. CIV. P. 6(a)(1) and (2). The court concludes, however, that Torres's objections are unsupported and can be disposed of without waiting for a possible response from the defendants.

[3]

"'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (judge need not provide *de novo* review where objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

*See, e.g., Fairfield v. Wacha*, 2008 WL 584940, *2 (W.D. Mich. Feb. 28, 2008) (Maloney, J.) ("Fairfield's objection does not cite any case law or any Constitutional, statutory or regulatory provisions, and he does not attempt to *substantively* address any of the Magistrate Judge's legal reasoning or conclusions. [T]hese failings render Fairfield's purported objection the same as no objection at all.") (citing, *Wallace v. Adams*, 51 F.3d 274, 1995 WL 141385 (6th Cir. Mar. 24, 1995) (p.c.) and *Bates v. Chapleau*, 37 F.3d 1498, 1994 WL 532937 (6th Cir. Sept. 30, 1994) (p.c.)).

2

Mich. Feb. 27, 2009) (Jonker, J.) (citing *Day v. McDonough*, 547 U.S. 198, 209 (2007)).  *See, e.g.,* *sua sponte* dismissing habeas petitions as untimely: *Stevenson v. Howes*, 2008 WL 696598 (W.D. Mich. Mar. 13, 2008) (Quist, J.); *Rice v. Palmer*, 2008 WL 114785 (W.D. Mich. Jan. 9, 2008) (Bell, C.J.).

Torres does not dispute the R&R's estimation that he gave the instant habeas petition to prison authorities for mailing on about January 12, 2009 (it was received by this court on January 15, 2009), more than two years after his conviction became final.  He was convicted on September 7, 2004, and he filed neither a timely direct appeal to the Michigan Court of Appeals nor an application for leave to take a delayed appeal to that court, which he had to do by September 7, 2005 under Michigan Court Rule 7.205(F)(3).  Thus, the one-year AEDPA period for filing a federal habeas petition, *see* 28 U.S.C. § 2244(d)(1)(A), expired on about September 7, 2006.  Torres filed his petition more than a year after that – January 2009 – so it is untimely unless equitable tolling applies.

Although AEDPA's one-year limitations period is subject to equitable tolling, *see, e.g., Henderson v. Louma*, 2008 WL 5046414, – F. App'x – (6th Cir. Nov. 26, 2008), it is Torres's burden to show that he is entitled to equitable tolling, *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citing, *inter alia*, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)), *pet. cert. filed o.g.*, 77 U.S.L.W. 3437 (U.S. Jan. 23, 2009) (No. 08-917).  Our Circuit cautions that we should only sparingly grant equitable tolling, *Miller v. Davis*, 2009 WL 311135, *4 (W.D. Mich. Feb. 9, 2009) (Maloney, C.J.) (citing, *inter alia*, *Solomon*, 467 F.3d at 933), and to override that presumption Torres must show that (1) "'he has been pursuing his rights diligently'" and (2) "'some extraordinary circumstance stood in his way", *Freeman v. Rapelje*, 2008 WL 4613068, *4 (W.D. Mich. Oct. 14,

2008) (Maloney, C.J.) (citing *Lawrence*, – U.S. at –, 127 S.Ct. at 1085).

The Magistrate correctly suggests that Torres's *pro se* status, his lack of training in the law, and his putative unawareness of the one-year AEDPA limitations period or the means for calculating it, do not warrant equitable tolling.  In addition to the decisions cited by the R&R at 6, *see also Effinger v. McKee*, 2008 WL 4425787, *3 (W.D. Mich. Sept. 26, 2008) (Maloney, C.J.) (concluding that habeas petitioner's *pro se* status, lack of training in the law, and alleged unawareness of the AEDPA deadline, did not warrant equitable tolling).

**Torres contends that the AEDPA limitations period should be tolled because "he has difficulty with the [E]nglish language** as evidenced by the fact he was provided an interprete[r] at his trial court proceeding" and the Michigan prison system has denied his repeated requests to transfer to a facility which offers assistance to prisoners whose native language is not English.  *See* Torres's Objections at 2.  But our Circuit has held that "'[w]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations.'"  *Inglesias v. Davis*, – F. App'x –, –, 2009 WL 87574, *3 (6th Cir. Jan. 12, 2009) (Suhrheinrich, Batchelder, Sutton) (quoting *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)).  "An inability to speak, write, and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."  *Cobas*, 306 F.3d at 444.

Torres alleges that "the original appointed counsel for the appeal visited with the petitioner without an interprete[r] and cohearsed [coerced] the client into negating appeal rights . . . ."  Torres' Objections at 2.  If that is true, it might excuse Torres's failure to pursue a direct appeal to the Michigan Court of Appeals.  By not pursuing a direct appeal, Torres changed the date on which his

conviction became final for AEDPA limitations purposes.  But the fact remains that Torres had one year from that finality date to file a federal habeas petition, and he failed to do so.  In other words, alleged deception, coercion, or inability to communicate effectively on the part of Torres's appellate counsel might account for Torres's decision not to lodge a direct appeal, but it cannot account for Torres's failure to learn about and abide by AEDPA's limitations period.

**In any event, the quality of Torres's submissions in this court (his habeas petition and his objections to the R&R) show that his lack of native fluency in English has not prevented him from effectively accessing the courts**, as might excuse his failure to meet the AEDPA deadline.  *Cf. Houston v. Davis*, 2007 WL 1296002, *1 (W.D. Mich. May 1, 2007) (Bell, C.J.) ("Petitioner's illiteracy did not prevent him from filing a § 2254 petition or from filing objections to the R&R.  As Petitioner's illiteracy has not prevented him from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations."); *Soto v. Birkett*, 2006 WL 2850578, *7 (W.D. Mich. Oct. 3, 2006) (Quist, J.) ("Petitioner's illiteracy did not prevent him from filing a number of pleadings in the Michigan appellate courts, and a § 2254 petition in federal court.  Even assuming Petitioner received assistance in drafting those documents, 'he was clearly able to communicate with someone who could help him'.") (citing *Swinton v. Palmer*, 2005 WL 2173634, *2 (E.D. Mich. Sept. 7, 2005)).[4]

---

[4]

   *Accord Bustillos-Gonzalez v. Eberlin*, 2009 WL 414668, *10 (N.D. Ohio Jan. 8, 2009) (Limpert, M.J.) (Mexican habeas petitioner whose native language was Spanish was not therefore entitled to tolling of AEDPA period);

   *Hernandez v. Eberlin*, 2008 WL 2967662, *7 (N.D. Ohio July 25, 2008) (Economus, J.);

   *Steward v. Moore*, 555 F. Supp.2d 858, 877-78 (N.D. Ohio 2008) (Kathleen O'Malley, J.);

**The court must determine whether to issue a certificate of appealability ("COA") to Torres.**  Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Paul L. Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479, *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008)).  To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)).  *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) and *Henley v. Bell*, – F. App'x –, –, 2009 WL 233283, *1 (6th Cir.) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009).

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability. *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001)).  Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a certificate is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*,

---

*Silvestre v. US*, 55 F. Supp.2d 266, 268 (S.D.N.Y. 1999) (petitioner's claim that difficulty with English was the reason why he filed his petition late was meritless "because he had written three letters in English and submitted them to the court in the course of his trial, thereby showing that the language barrier was not impeding his access to the courts."), *noted by Cobas*, 306 F.3d at 443.

575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007).  "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'"  *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)); *see, e.g., Wilkey v. Jones*, No. 1:2005-cv-588, 2009 WL _____, *__ (W.D. Mich. March 9, 2009) (Maloney, C.J.) (issuing COA on Sixth Amendment Confrontation Clause claim even though court deemed it "unlikely" that petitioner would prevail on appeal). Nonetheless, Torres does not meet the standard for a COA, because other reasonable jurists would not disagree with the determination that his habeas petition is time-barred, nor has he presented any issues adequate to deserve further review.

## ORDER

Accordingly, having reviewed the petition, the R&R, and the petitioner's timely objection:

The petitioner's objections [document #3] are **OVERRULED.**

The R&R [document # 2] is **ADOPTED**.

The habeas petition [document #1] s **DISMISSED** as time-barred.

This case is **TERMINATED** and **CLOSED**.

This is a final order, but the court declines to issue a certificate of appealability.[5] [6]

**IT IS SO ORDERED this 9th day of March 2009.**

/s/   Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

[5]

"'[A]n order denying a certificate of appealability is not appealable.'"  *Wilkey*, 2009 WL _____ at *___ (quoting *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2001), *followed by Crowley v. Renico*, 81 F. App'x 36, 37 (6th Cir. 2003) and *US v. Badru*, 2008 WL 1683113, *1 (D.C. Cir. July 27, 2004) (p.c.) (Rogers, Tatel, John Roberts)).

[6]

Torres may still apply to the U.S. Court of Appeals for the Sixth Circuit for a COA. *Wilson v. US*, 287 F. App'x 490, 494 (6th Cir. 2008) ("If the district judge denies a COA, a request may then be made to a court of appeals . . . .") (citing *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997)).

8